Timothy P. Ofak (NJ Bar No. 028742006)
WEINER BRODSKY KIDER PC
1300 19th St. NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Fax:  (202) 628-2011
Email:  Ofak@thewbkfirm.com

*Counsel for Defendant Freedom
Mortgage Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BENNET GABRIELSON AND JOANNE GABRIELSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No: 19-cv-14156-NLH-JS<br><br>Removal from New Jersey<br>Superior Court, Law Division<br>Burlington County<br>Docket No. BUR-L-1189-19 |

**AMENDED NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, defendant Freedom Mortgage Corporation ("Freedom") hereby removes the above-captioned lawsuit from the Superior Court of New Jersey, Law Division, Burlington County, where it is currently pending, to the United States District Court for the District of New Jersey, Camden Vicinage.  As grounds for the removal of this case, Freedom states as follows:

1.      On or about June 6, 2019, Plaintiffs Bennet and Joanne Gabrielson filed a Class Action Complaint (the "Complaint"), purportedly on behalf of themselves and a class of people

similarly situated, in the Superior Court of New Jersey, Law Division, Burlington County, against Freedom.  The Complaint has been attached to this Notice as Exhibit A.

2. On June 14, 2019, Freedom accepted service of the Complaint.

3. The Complaint alleges breach of contract and unjust enrichment on behalf of a putative nationwide class of consumers whose mortgages are serviced by Freedom.

4. Plaintiffs' request for relief includes actual damages, injunctive relief, and attorneys' fees.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), which grants a federal district court original jurisdiction of a civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, and is a class action in which any member of the class of plaintiffs is a citizen of a state different from any defendant.

6. Plaintiffs are citizens of the state of Oregon, and utilized the loan at issue here to purchase their primary residence and domicile located in Weston, Oregon.  *See* Compl. ¶ 30, Ex. 1.  Plaintiffs are not citizens of New Jersey.  The Complaint also alleges that the Plaintiffs are residents of Oregon.  Compl. ¶ 8.

7. Freedom is a citizen of New Jersey for purposes of 28 U.S.C. § 1332.  Freedom is a New Jersey corporation with its principal place of business in Mt. Laurel, NJ.  Compl. ¶ 15.  Freedom is the only defendant named in the Complaint.

8. Further, pursuant to 28 U.S.C. § 1332(d)(6), in any class action, the claims of the individual putative class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of costs and interest.

9. Plaintiffs allege a class definition of all persons whose mortgages were serviced by Freedom, whose loans went into default, and who were charged for more than one property inspection fee in a month. Compl. ¶ 38.

10. Plaintiffs allege that the "terms of most standard mortgage contracts prohibit mortgage servicers, such as [Freedom], from passing along excessive default-related costs." Compl. ¶ 26.

11. Plaintiffs allege that Freedom "routinely orders multiple property inspections in a month for loans in default and passes along the costs of those inspections to borrowers." Compl. ¶ 29.

12. Plaintiffs allege that they were charged $215.15 in one month for ten property inspections. Compl. ¶ 34.

13. Plaintiffs allege that the class is comprised of "at least thousands of members . . . ." Plaintiffs' class definition does not limit the class based upon mortgage products, and would include Conventional loans as well as loans insured by the Federal Housing Administration ("FHA Loans") and loans insured by the Veterans' Administration ("VA Loans"). Considering FHA Loans only, Freedom serviced more than 50,000 which went into default at some point during the last six years.[1]

14. While Freedom believes Plaintiffs' claims to be groundless, the allegations of the Complaint plausibly seek damages of $215.15 per class member. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) ("In a class action, the class representative's

---

[1] Plaintiffs do not identify any specific state's law under which they bring their claims, but presumably seek to bring claims on behalf of borrowers in all states, under each state's law. For purposes of this removal notice only, Freedom has used Oregon's statute of limitations of six years for breach of contract. *See* Or. Rev. Stat. § 12.080 (2019). New Jersey's statute of limitations for breach of contract is also six years. *See* N.J. Stat. Ann. § 2A:14-1 (2019).

claim(s) must be typical of the claims of the class. Pa. R. Civ. P. 1702(3) (Pennsylvania class action typicality requirement); Fed. R. Civ. P. 23(a)(3) (federal class action typicality requirement). It is, therefore, not unreasonable to assume that Judon, as the proposed class representative, has damages that are typical of the class."); *Frederico v. Home Depot*, 507 F.3d 188, 197-99 (3d Cir. 2007) (utilizing plaintiff's alleged damages as representative of the class). *See also* Compl. ¶ 43 ("The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all members of the Class, have mortgages serviced by Defendant and were charged for more than one property inspection in a single month . . . ."); *id.* ¶ 46 ("Plaintiffs' claims are typical of the claims of other members of the Class and Subclass, in that they arise out of the same acts of omissions on the part of [Freedom], namely passing along to borrowers the cost of more than one property inspection in a month.").

15. When aggregated across the alleged class of more than 50,000 people, the damages sought in this matter exceed $5,000,000.00.[2]

16. Plaintiffs also seek attorneys' fees. Compl., Prayer for Relief ¶ 8. Attorneys' fees are properly considered in the amount in controversy. *Frederico*, 507 F.3d at 199. While the $5 million threshold is exceeded without the inclusion of attorneys' fees, their inclusion further demonstrates that the threshold has been met here.

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of service of the Complaint on Freedom, which occurred on June 14, 2019.

---

[2] Using only the 50,000 number, which is smaller than the definition for the putative class here, the aggregate damages equal $10,757,500 [50,000x215.15=10,757,500]. Even assuming only 50% of loans that went into default were charged more than one inspection per month (contrary to Plaintiffs' allegations), the $5,000,000 threshold under CAFA is still met [25,000x215.15=5,378,750].

18.     The Superior Court of New Jersey, Law Division, Burlington County is located within the District of New Jersey, and venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

19.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Freedom is submitted herewith. *See* Exhibit A, attached hereto.

20.     Upon the filing of this Amended Notice of Removal, Freedom shall furnish written notice thereof to Plaintiffs, and upon the filing of its original Notice of Removal (ECF No. 1) Freedom timely filed and served a copy of the original Notice with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County, pursuant to 28 U.S.C. § 1446(d).

Dated: June 27, 2019                    Respectfully submitted,

                                        WEINER BRODSKY KIDER PC

                                         /s/ Timothy P. Ofak
                                        Timothy P. Ofak (NJ Bar No. 028742006)
                                        1300 19th St. NW, Fifth Floor
                                        Washington, DC 20036
                                        Tel:  (202) 628-2000
                                        Fax:  (202) 628-2011
                                        Email:  Ofak@thewbkfirm.com

                                        ***Counsel for Defendant Freedom Mortgage Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of June, 2019, a copy of the foregoing Notice of Removal was served upon the following parties and counsel of record by first class, United States Mail, postage prepaid:

Esther E. Berezofsky
Motley Rice New Jersey
Woodland Falls Corporate Center
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Tel:  (856) 667-0500
Email:  eberezofsky@motleyrice.com

*Counsel for Plaintiffs*

                                              /s/ Timothy P. Ofak
                                                 Timothy P. Ofak